UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 4601 MARRERO CENTER, LLC | CIVIL ACTION |
| VERSUS | NO. 23-1421 |
| ARCH SPECIALTY INSURANCE COMPANY, ET AL. | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is plaintiff 4601 Marrero Center, LLC's motion to compel appraisal and stay litigation pending completion of appraisal.[1] Defendants oppose the motion.[2] For the following reasons, the Court grants the motion.

I.     DISCUSSION

Plaintiff in this case is the owner of commercial property in Marrero, Louisiana, that was allegedly damaged during Hurricane Ida on August 29, 2021.[3] At the time of the hurricane, the property in question was insured by defendants Arch Specialty Insurance Company, United Specialty Insurance Company, and Underwriters at Lloyd's London.[4] Plaintiff contends that it filed a claim for damages with defendants shortly after the hurricane, but the parties

---

[1]     R. Doc. 13.
[2]     R. Doc. 18.
[3]     R. Doc. 1-1.
[4]     R. Doc. 11 ¶ 2.

were unable to agree upon the amount of loss.[5] On July 13, 2022, plaintiff notified defendants of its intention to invoke the following appraisal provision in the insurance policy:

> **Appraisal.** If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. *The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction.* The appraisers will state separately the value of the property and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a. Pay its chosen appraiser; and
>
> b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.[6]

Defendants agreed to proceed with the appraisal process, subject to certain stipulations,[7] and each party selected an appraiser to represent it.[8] Plaintiff alleges that the two appraisers conducted an inspection of the property, discussed damages, and exchanged their respective positions on the amount of loss incurred.[9] Despite these ongoing communications, the named appraisers

---

5   R. Doc. 13-1.
6   R. Doc. 13-4 at 23 (emphasis added).
7   R. Doc. 13-8; R. Doc. 18 at 2.
8   R. Doc. 1-1 ¶¶ 12-15; R. Doc. 11 ¶¶ 12-15.
9   R. Doc. 13-1 at 5.

were unable to agree upon a competent and impartial umpire to complete the appraisal process.[10]

Plaintiff filed a petition against defendants in state court on April 10, 2023, requesting that the court appoint an umpire in accordance with the appraisal provision of the insurance policy.[11] Defendants removed the matter to this Court, and the case was entered into the Streamlined Settlement Program for Hurricane Ida cases pursuant to the First Amendment to Case Management Order No. 1 ("CMO").[12] The purpose of the CMO is to facilitate the efficient resolution of Hurricane Ida insurance cases "through the establishment of a streamlined settlement conference and mediation protocol."[13] The CMO also implements procedures for the Court's appointment of umpires under insurance policies, which is conducted by Chief Magistrate Judge Michael North following a parties' written request for such an appointment.[14]

---

[10]   R. Doc. 1-1 ¶ 15; R. Doc. 11 ¶ 15.
[11]   R. Doc. 1-1.
[12]   R. Doc. 8 ("The Court desires, to the greatest extent possible within the powers granted unto it, to eliminate increased difficulties to the parties involved, to bring as much of this litigation to resolution as justly and expeditiously as possible, and to allow the citizens of this District to move forward with their respective recoveries.").
[13]   *Id.*
[14]   *Id.*

Plaintiff filed this motion to compel the parties to submit to the appraisal process as required by the terms of the insurance policy and under Louisiana law.[15] Plaintiff contends that once it requested an appraisal of the disputed amount of loss, and defendants consented to the appraisal, the conflict should be resolved through the appraisal process provided for in the insurance policy, not through the CMO's mediation program.[16] Defendants oppose the motion, arguing that the matter is more properly handled under the Streamlined Settlement Program.[17] Defendants assert that compelling appraisal and implementing a stay of the case would be a misuse of resources and would unnecessarily prolong the litigation.[18]

The Court finds that plaintiff's request for appraisal complied with the requirements for invoking the appraisal process in its insurance policy with defendants, and defendants do not contend otherwise. *Cf. La. Corral Mgmt., L.L.C. v. Axis Surplus Ins. Co.*, No. 22-2398, 2023 WL 2185979, at *1 (E.D. La. Feb. 23, 2023) (denying motion to compel appraisal in Hurricane Ida insurance case when plaintiff did not invoke appraisal until nearly seven months after initiation of the lawsuit). These appraisal provisions have been held to be valid and enforceable in cases similarly subject to the CMO. *See, e.g., McMillen v.*

---

15   R. Docs. 13 & 13-1.
16   R. Doc. 13-1 at 2, 7-8.
17   R. Doc. 18.
18   *Id.*

*Safepoint Ins. Co.*, No. 22-1744, 2023 WL 143327, at *4 (E.D. La. Jan. 10, 2023) (granting motion to compel appraisal in Hurricane Ida insurance case subject to CMO). Defendants argue that the appraisal process is inconsistent with the obligations under the Streamlined Settlement Program, which plaintiff did not opt out of.[19] On the contrary, Magistrate Judge North found that the use of the appraisal process is appropriate in this case and other cases controlled by the CMO.[20]

Indeed, appraisal is an important private procedure that can facilitate an inexpensive and efficient means of settling insurance disputes. Even if appraisal under the insurance policy would not resolve this case completely, it may eliminate or substantially narrow the parties' dispute of the amount of loss. For all of the foregoing reasons, the Court grants plaintiff's motion to compel appraisal. Since plaintiff did not opt out of the Streamlined Settlement Program, if the matter is not fully resolved during the appraisal process, the parties must proceed in accordance with the CMO.

The Court also finds that a stay pending completion of the appraisal process is in order. This Court has "wide discretion to control the course of

---

[19] *Id.*

[20] R. Doc. 22 (finding that "the appraisal process should be completed, and, to that end, the parties shall meet and confer to try and agree on the name of an umpire"). *See also Rubman v. State Farm Fire & Cas. Co.*, No. 23-239, R. Doc. 19 (E.D. La. Apr. 6, 2023) (granting motion to compel appraisal in case subject to CMO).

litigation, which includes authority to control the scope and pace of discovery." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (citations omitted). "This authority has been held to provide the [C]ourt the 'general discretionary power to stay proceedings before it in control of its docket and in the interests of justice.'" *Id.* (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)); *see also Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (recognizing that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). In determining whether a stay of the proceedings is appropriate, other courts in the Eastern District of Louisiana have considered several factors, including: "(1) hardship and inequity on the moving party without a stay; (2) prejudice the non-moving party will suffer if a stay is granted; and (3) judicial economy." *Glasper v. S. Fid. Ins. Co.*, No. 20-2416, 2021 WL 411447, at *8 (E.D. La. Feb. 5, 2021) (collecting cases).

A stay in this case would not introduce an unnecessary delay that will unduly prejudice the defendants. And a stay would further the interests of judicial economy. These factors weigh in favor of imposing a stay. *See id.* (granting 90-day stay pending appraisal when two of the three factors were present). Accordingly, plaintiff's motion is granted to the extent that it seeks a stay of this matter pending appraisal. *See, e.g., McMillen*, 2023 WL 143327, at

6

\*5 (staying and administratively closing Hurricane Ida insurance litigation pending completion of appraisal process); *Beasley v. Geovera Specialty Ins. Co.*, No. 13-395, 2013 WL 3187289, at \*4 (E.D. La. June 20, 2013) (same).

I. **CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion to compel appraisal. The Court GRANTS plaintiff's motion for stay, and this matter is STAYED AND ADMINISTRATIVELY CLOSED pending the parties' completion of the appraisal process, at which time, if the matter is not resolved, the parties must proceed as required under the Streamlined Settlement Program. The parties shall file a joint notice of the completion of the appraisal process with this Court within 7 days of the completion of the appraisal process.

New Orleans, Louisiana, this __31st__ day of July, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE